UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Erica B. Brown, Plaintiff, | CASE NO.: _____ |
| v. | **COMPLAINT** **(JURY TRIAL REQUESTED)** |
| Beaufort County, Defendant. | |

## JURISDICTION AND PARTIES

1. This suit is brought and jurisdiction lies pursuant to §107(a) of the Americans with Disabilities Act, 42 U.S.C. §12117 (hereinafter "ADA"), which incorporates by reference §706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 (hereinafter "Title VII").

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

    a. A charge of employment discrimination on basis of disability discrimination and retaliation was filed with Equal Employment Opportunity Commission ("EEOC").

    b. All Notifications of the Right to Sue were received from the EEOC on or about February 19, 2026.

    c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. The Plaintiff, Erica B. Brown, is a citizen and resident of the State of South Carolina and resides in Beaufort County, South Carolina.

4. Defendant, Beaufort County, upon information and belief, if a governmental entity organized and operating under the laws of the State of South Carolina.

5. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

6. The Defendant is a "person" within the meaning of Title VII and the ADA.

7. The Defendant is an industry that affects commerce within the meaning of Title VII and the ADA.

8.   The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of Title VII and the ADA.

9.   Therefore, the parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about August 7, 2023, the Plaintiff began working for Defendant as a property tax analyst.

11.  The Plaintiff had previously been diagnosed with ADHD, anxiety, bipolar disorder and neck spasms.  Because of these conditions, the Plaintiff is a person with a serious medical condition as defined by the ADA.

12.  During the course of her employment, Plaintiff's treating physician advised her to start physical therapy, and to let Plaintiff sit in the middle, instead of at the end of the row.

13. The Plaintiff presented multiple doctor's notes to the Human Resources Manager, Emily Stewart, and requested to take a later lunch as the doctor had advised, due to Plaintiff's medication schedule.  Despite Plaintiff supplying this note, the Defendant switched lunches around, causing issues with the time frame of Plaintiff taking her medications.

14. The Plaintiff was keeping her computer screens higher, since it was more comfortable for her neck issues.  David Cadd, county auditor, would come around and move all the screens down.  Plaintiff then moved her chair down.  The Plaintiff was called into office and told to keep chair all the way up and computer screens all the way down, or she would sent home without pay.

15. The Plaintiff sent an email about how uncomfortable her position was going to be, and Plaintiff had to start calling out of work and standing due to pain.

16. In retaliation for requesting accommodations, the Plaintiff was called into office again and told that the Defendant was sending her to Bluffton office.  The Plaintiff attempted to explain to Defendant that she had responsibilities outside of work and needed to be in Beaufort, and going to Bluffton was going to add an hour each way to her commute.  The Defendant told her to get a doctor's note.

17. On or about March 22, 2024, the Plaintiff presented a doctor's note stating that Plaintiff should not be driving for more than an hour, and that Plaintiff may need additional accommodations after test results come back.  The Defendant still made the Plaintiff go to the Bluffton location despite the Plaintiff's doctor's note.

18. On or about May 2, 2024, the Plaintiff's psychiatrist sent a doctor's note to Defendant stating that Plaintiff would benefit from 15 minute breaks when anxiety is elevated, and that Plaintiff may need time off from work.

19. In or around the end of May, beginning of June 2024, the Plaintiff was put on a performance plan, and on June 5, 2024, the Plaintiff wrote a letter stating that she was being discriminated against.

20. On or about June 7, 2024, the Plaintiff received an email from Ms. Stewart asking Plaintiff to call her. Ms. Stewart told Plaintiff that she did not find any discrimination, and that she was accommodated for her computer screens.

21. The Plaintiff was terminated on or about July 19, 2024, because management did not have confidence in Plaintiff that she would be able to keep up with workload for upcoming tax season.

22. Any stated reasons for Plaintiff's termination were pretextual in nature. Her termination, in reality, was discriminatory on the basis of her disability and in retaliation for requesting reasonable accommodations.

23. At all times relevant to this Complaint, Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects.

## FOR A FIRST CAUSE OF ACTION
### Violation of the ADA – Failure to accommodate

24. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

25. The Plaintiff is an individual with a "disability" within the meaning of §3(2) of the ADA, 42 U.S.C. §12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of her major life activities and has a record of such impairment.

26. The Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is an individual with a disability who can perform the essential functions of her job and other jobs in Defendant's employ.

27. As a result of her disability, the Plaintiff requested the reasonable accommodation of having her computer monitor raised up and moved to the middle of the room.

28. The Defendant declined, without just cause, to provide those accommodations to the Plaintiff.

29. The Defendant has also failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make other reasonable accommodations.

## FOR A SECOND CAUSE OF ACTION
### Violation of the ADA – Retaliation

30. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

31. That as alleged above, Plaintiff is a handicapped person as defined by S.C. Code §2-7-35, as amended, and the ADA, in that she has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

32. Plaintiff's requested accommodations were made in good faith and constituted protected activity under the ADA.

33. Shortly after requesting said accommodations, the Defendant fired the Plaintiff, which is in violation of the ADA and 42 U.S.C. §2000e-3.

34. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

35. The aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal; was, in fact, retaliatory in nature; and was in violation of the ADA and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

36. As a result of the above, the Plaintiff has suffered damages in the form of lost back and future wages, benefits and expenses associated with finding other work; and has further suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, loss to character and reputation and physical and personal injuries.

## **REQUEST FOR RELIEF**

37. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

38. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of action in an amount which is fair, just and reasonable;

2. Judgment in favor of the Plaintiff and against the Defendant for back pay and associated benefits in such an amount to be determined by the trier of fact;

3. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits she lost in such an amount to be determined by the trier of fact;

4.      Judgment in favor of the Plaintiff and against the Defendant for prejudgment interest;

5.      Judgment in favor of the Plaintiff and against the Defendant for mental anguish, embarrassment, humiliation and emotional distress in an amount to be determined by the trier of fact; and

6.      Judgment in favor of the Plaintiff and against the Defendant for actual damages, compensatory damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems just, proper and allowable under the law.

**WIGGER LAW FIRM, INC.**

s/ *Dominic M. Nation*
Dominic M. Nation (Fed. I.D. #14290)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
May 14, 2026.